**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Case No. 8:26-CR-82-MSS-LSG

v.

SKYLER PALMER

_________________________________/

**UNOPPOSED MOTION TO CONTINUE TRIAL TERM**

Defendant, Skyler Palmer, by and through undersigned counsel and pursuant to Local Rule 3.08 and 18 U.S.C. § 3161(h)(7), moves this Court to continue this matter from the September 2026 trial term to the November 2026 trial term. The United States does not oppose the requested continuance. As grounds in support thereof, Mr. Palmer states:

1. Mr. Palmer was arraigned on April 8, 2026, on a three-count indictment charging him with distribution of 50 grams or more of methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. Docs. 1, 10.
2. Mr. Palmer was ordered detained pending trial. Doc. 12.
3. The Court initially set this matter for the June 2026 trial term. Doc. 13.
4. One previous continuance has been granted in this case to the September trial term. Docs. 19-21.
5. On August 17, 2026, the parties filed a Joint Status Report advising the Court that this case remains on the September 2026 trial calendar. The report further states that defense counsel intends to seek a continuance until November 2026 and that the United States does not oppose that request. Doc. 23.
6. Defense counsel anticipates receiving additional discovery in this matter. Counsel needs sufficient time to receive, review, and analyze that discovery, discuss it with Mr. Palmer, investigate any issues that arise from it, and incorporate the information into the defense trial strategy.

7. Without a continuance, counsel will not have a reasonable opportunity to complete that review and investigation before the present trial term. The anticipated additional discovery may bear on trial preparation, potential pretrial issues, and counsel's advice to Mr. Palmer concerning the disposition or defense of this case.
8. The requested continuance to the November 2026 trial term is made in good faith, is limited to the time reasonably necessary to complete discovery review and trial preparation, and is not sought for purposes of unnecessary delay.
9. Undersigned counsel has conferred with Assistant United States Attorney Samantha J. Newman, and the United States does not oppose the relief requested. See Doc. 23.
10. Pursuant to Local Rule 3.08(b), undersigned counsel certifies that Mr. Palmer consents to the requested trial continuance. Mr. Palmer agrees to waive speedy trial through November 30, 2026, and will submit any written waiver required by the Court.

## MEMORANDUM OF LAW

Local Rule 3.08 requires a party seeking a continuance to timely move for the continuance and explain in detail why the continuance is warranted. For a trial continuance, trial counsel must also certify that the client consents to the continuance. M.D. Fla. R. 3.08(a)-(b). This motion satisfies those requirements.

The Speedy Trial Act permits the Court to exclude delay resulting from a continuance when the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In making that determination, the Court may consider whether denying the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Here, defense counsel anticipates receiving additional discovery that must be reviewed and evaluated before trial. Counsel will need time to assess that material, investigate matters arising from it, consult with Mr. Palmer, and determine what effect the additional discovery may have on trial strategy and any pretrial issues. A

continuance to the November 2026 trial term will provide the reasonable preparation time necessary to complete those tasks. The request is based on the need for effective preparation and not on general court congestion or a lack of diligence.

Accordingly, the ends of justice served by granting the requested continuance outweigh the interests of the public and Mr. Palmer in a speedy trial.

WHEREFORE, Defendant Skyler Palmer respectfully requests that this Honorable Court find that the ends of justice served by the requested continuance outweigh the best interests of the public and Mr. Palmer in a speedy trial, exclude the resulting period of delay under 18 U.S.C. § 3161(h)(7), and enter an Order continuing this matter from the September 2026 trial term to the November 2026 trial term.

DATED this 18th day of August 2026.

Respectfully submitted,

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St., Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Samantha J. Newman, AUSA

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender